UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND M., | |
| Plaintiff, | Case No. C21-5599-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at step five by failing to identify jobs that exist in significant numbers that Plaintiff can perform. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1974, has a college degree and additional training in helicopter maintenance, and has worked as a military aircraft maintenance crew chief. AR at 252-53. Plaintiff was last gainfully employed in August 2014. *Id.* at 252.

ORDER - 1

In October 2017, Plaintiff applied for benefits, alleging disability as of July 27, 2017. AR at 88. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. After the ALJ conducted a hearing in June 2019 (*id*. at 64-84), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 85-111.

Plaintiff did not request Appeals Council review, and filed another DIB application in January 2020, alleging disability as of June 21, 2019, with a date last insured of December 31, 2019. *See* AR at 38, 226-32. This application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *Id*. at 141-47, 149-57. A different ALJ conducted a hearing in January 2021 (*id*. at 31-61) and issued a decision finding Plaintiff not disabled. *Id*. at 13-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

ORDER - 2

Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff argues that the ALJ erred in finding at step five that he could perform two jobs that require mental abilities in excess of the abilities described in the ALJ's residual functional capacity ("RFC") assessment, and that the remaining third job does not exist in significant numbers on its own. (Dkt. # 10 at 4.) Accordingly, Plaintiff contends that the ALJ failed to meet the Commissioner's burden at step five and the case must be remanded for further proceedings. (*Id.*)

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2). In determining whether a claimant can perform a particular job, the Dictionary of Occupational Titles ("DOT") raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995).

In this case, the ALJ found Plaintiff capable of working as a document preparer, call-out operator, and nut sorter. AR at 24. The ALJ relied on vocational expert ("VE") testimony that there are 36,900 of these jobs in the national economy. *Id*. Earlier in the decision, the ALJ found Plaintiff limited to *inter alia* "simple, repetitive, routine tasks." AR at 19. The Ninth Circuit has held that such a restriction conflicts with the ability to perform Level 3 reasoning, *Zavalin v.*

ORDER - 3

*Colvin*, 778 F.3d 842, 846-48 (9th Cir. 2015), which the DOT defines two of the three jobs identified at step five to require. *See* DOT 237.367-014, 1991 WL 672186 (call-out operator job); DOT 249.587-018, 1991 WL 672349 (document preparer job). The VE testified that as to the third job (nut sorter), there are only 4,700 of these jobs in the national economy. *See* AR at 24.

The Commissioner does not dispute that Plaintiff cannot perform two of the three jobs under *Zavalin*, or that the remaining nut sorter job does not exist in significant numbers on its own. Instead, the Commissioner argues that the ALJ's step-five findings are superfluous and therefore constitute at most harmless error because the ALJ gave *res judicata* effect to the prior ALJ decision, finding that Plaintiff had not shown changed circumstances to overcome the presumption of continuing nondisability flowing from the 2019 decision. (Dkt. # 11 at 4.) According to the Commissioner, Plaintiff failed to challenge the ALJ's application of the presumption, which is fatal to his appeal. (*Id*.)

In general, an ALJ's determination that a claimant is not disabled "creates a presumption that the claimant continued to be able to work after that date." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if the claimant raises a new issue in a subsequent application, "such as the existence of an impairment not considered in the previous application." *Id.* The claimant need not establish that the new impairment is severe; merely alleging the existence of a new impairment is sufficient to defeat the presumption. *See Vasquez v. Astrue*, 572 F.3d 586, 598 n.9 (9th Cir. 2008).

Here, the ALJ found that Plaintiff had failed to overcome the presumption of continuing nondisability, and Plaintiff argues that this finding is contradicted by the ALJ's failure to adopt the step-five findings from the prior decision, as evidenced by the ALJ's seeking additional VE

ORDER - 4

testimony and entering new step-five findings. (Dkt. ## 10 at 6, 12 at 2.) Plaintiff emphasizes that the ALJ entered new step-five findings in the current decision, and therefore, the Court should review the sufficiency of *those* findings rather than rely on the step-five findings in the prior decision. (*Id.*)

The Court finds that, contrary to the Commissioner's contention, this argument sufficiently challenges the ALJ's application of the presumption of continuing nondisability. As Plaintiff highlighted, the ALJ's decision contains internal inconsistencies regarding the effect of the prior ALJ's findings, in that the ALJ found both that Plaintiff did not rebut the presumption but included findings that would suggest the opposite. Specifically, the ALJ addressed new medically determinable impairments at step two, rendered a similar but not identical RFC determination, and solicited new VE testimony to support new step-five findings (without reference to the prior findings) in the 2021 decision. AR at 13-25. Taken together, these parts of the ALJ's decision stand in tension with the ALJ's finding that Plaintiff had not rebutted the presumption of continuing nondisability. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009) (indicating that where a claimant claims the existence of a new impairment, the claimant has overcome the presumption); *Manning v. Colvin*, 2015 WL 1457767, at *4 (C.D. Cal. Mar. 30, 2015) (relying on *Vasquez* to find that evidence showing the existence of new impairments, even if they were not severe or disabling, is sufficient to preclude application of *res judicata*).

An erroneous application of the presumption of continuing nondisability can be harmless if the ALJ goes on to independently proceed through the five-step sequential evaluation process. *See, e.g., Cha Yang v. Comm'r of Social Sec. Admin.*, 488 F. App'x 203, 204 (9th Cir. 2012) (finding that although the ALJ erroneously found that Plaintiff had not rebutted the presumption of continuing nondisability, the error was harmless because the ALJ went on to fully evaluate

ORDER - 5

and weigh the medical evidence). But here, although the ALJ did proceed through the sequential evaluation, the ALJ nonetheless erred at step five in failing to identify jobs that exist in significant numbers that Plaintiff can perform.

Because the ALJ entered different findings at step five of the sequential evaluation (as well as at other steps), despite indicating that she adopted the prior ALJ's findings, the Court does not give preclusive effect to the step-five findings from the prior decision. Instead, the Court looks to the content of the step-five findings in the current decision, finds that the Commissioner failed to meet her burden to show that Plaintiff can perform jobs that exist in significant numbers, and concludes that this error must be remanded for further proceedings.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the step-five findings, obtaining additional VE testimony and/or reconsidering the impact of the prior administrative decisions if necessary.

Dated this 13th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge